IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, AND SUCCESSORS, A CORPORATION SOLE, dba the ARCHDIOCESE OF PORTLAND IN OREGON,<br><br>       Plaintiff,<br><br>  v.<br><br>TORT CLAIMANTS COMMITTEE, et al.,<br><br>       Defendants. | Civ No. 05-492-HA<br><br>ORDER |

HAGGERTY, Chief Judge:

On July 6, 2004, the Roman Catholic Archbishop of Portland in Oregon (Debtor) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing this bankruptcy case. Currently before the court are two motions to dismiss an appeal filed

by Debtor of an order entered in the bankruptcy court on January 3, 2005.  For the reasons provided below, the motions to dismiss are granted.

**PROCEDURAL BACKGROUND**

On November 19, 2004, a hearing was held before Bankruptcy Judge Elizabeth Perris regarding Debtor's "Amended Motion for an Order (1) Fixing a Bar Date for Filing Proofs of Claim, and (2) Approving a Proof of Claim Form, Bar Date Notices, Actual Notice Procedure, and Mailing and Media Notice Program" (Amended Motion).  At the hearing, Judge Perris declined to grant Debtor's request that all unknown claimants who had knowledge of the alleged child abuse prior to the petition date be required to individually file their claims by the bar date.  Instead, Judge Perris held that certain unknown individuals holding claims against Debtor who fail to formally assert those claims by the bar date ("Future Claimants") would be represented by a Future Claimants Representative (FCR).

After the hearing and pursuant to negotiations with the Tort Claimants Committee (TCC), Debtor drafted a proposed order in which David A. Foraker (Foraker) would be appointed FCR.  On December 20, 2004, Judge Perris entered a slightly modified version of that proposed order entitled "Order Appointing Future Claimants Representative" (FCR Appointment Order).  The Order appointed Foraker as the FCR, provided a definition of who qualifies as Future Claimants, and directed the FCR to timely file a proof of claim on behalf of all Future Claimants.  The Order also stated that "any interested party who objects to the appointment of David A. Foraker as the Future Claimants Representative shall file any such objection with the Court on or before January 20, 2005."  FCR Appointment Order

at 3.  The FCR Appointment Order did not provide for an objection period for any other issue.[1]

On January 3, 2005, Judge Perris entered a second order stemming from the November 19 hearing:  "Order (1) Fixing a Bar Date for Filing Proofs of Claim and (2) Approving a Proof of Claim Form, Bar Date Notices, Actual Notice Procedure, and Mailing and Media Notice Program" (Bar Date Order).  The Bar Date Order established a bar date by which proofs of claim must be filed, approved a proof of claim form and related notice to creditors; specified the procedures for properly filing a proof of claim; directed the Debtor's claims agent regarding how to manage claims; and approved a "Mailing and Media Notice Program."  Bar Date Order at 1-8.

On January 13, 2005, Debtor filed a Notice of Appeal of the Bar Date Order (Doc. #813), thereby putting it before the Bankruptcy Appellate Panel (BAP).  On February 28, 2005, the FCR filed a Motion to Dismiss the appeal of the Bar Date Order, and on March 10, 2005, Debtor filed a response to the motion to dismiss, a motion to transfer the appeal of the Bar Date Order from the BAP to the district court, and a motion for an extension of time to file its opening brief.  On March 21, 2005, the BAP denied the FCR's motion to dismiss the appeal and granted Debtor's motion to transfer the appeal to the district court.  The BAP Order transferring the appeal to the district court stated in part:

---

[1] On January 28, 2005, Debtor filed a "Precautionary Notice of Appeal" of the FCR Appointment Order, which the FCR elected to have heard by the district court.  On February 23, 2005 and March 1, 2005, the FCR and the TCC, respectively, filed motions to dismiss the appeal.  On April 12, 2005, this court granted the two motions to dismiss (April 12 Order), and on June 8, 2005, this court denied Debtor's motion to reconsider the April 12 Order.

3 -- ORDER

> The Panel has received and considered the motion to dismiss, the response, the motion to transfer, and the motion for extension of time. The motion to dismiss is hereby ORDERED DENIED. Based on the papers filed by the parties, and the related district court proceeding, we will transfer this appeal to the district court in the interests of justice and judicial economy. See 9th Circuit BAP Rule 8001(e)-1(a).

Order Transferring Appeal to District Ct. at 2 (the BAP Order). The BAP Order's reference to "the related district court proceeding" refers to the motions to dismiss Debtor's appeal of the FCR Appointment Order, which was pending before this court at the time.

On April 12, 2005, the TCC filed a Motion to Dismiss Appeal From Order Entered on January 3, 2005 (Doc. #4), and on April 15, 2005, the FCR filed a Motion of Future Claimants Representative to Dismiss Appeal (Doc. #7). These motions are currently before the court.

## DISCUSSION

The TCC and the FCR argue that Debtor's appeal of the Bar Date Order should be dismissed because (1) this court lacks subject matter jurisdiction over the issues presented by the appeal because it does not present a justiciable "case" or "controversy" and (2) Debtor does not have standing to appeal the Bar Date Order because it is not a person aggrieved by the Bar Date Order in light of the fact that the Bar Date Order granted Debtor's motion as to all of the issues it addresses. The FCR further argues that this court lacks subject matter jurisdiction to hear this appeal because Debtor did not timely elect to have the appeal heard in district court such that, under 28 U.S.C. § 158, jurisdiction must remain with the BAP.

Under Article III of the Constitution, the power of the federal judiciary is limited to actual "cases" and "controversies." U.S. CONST. art. III. § 2. Therefore, for this court to have jurisdiction, "there must be a tangible dispute that is capable of resolution in a manner that will have a concrete impact on the parties to the dispute." 15 James Wm. Moore et al., *Moore's Federal Practice* § 101.01 (3d ed. 1997). This court does not have jurisdiction over a claim to which no effective relief can be granted. *Headwaters, Inc. v. Bureau of Land Mgmt, Medford Dist.*, 893 F.2d 1012, 1015 (9th Cir. 1989). "A moot action is one where the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotations and citations omitted). The parties asserting mootness carry a heavy burden of demonstrating that the action is moot. *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979).

The TCC and FRC argue that Debtor's appeal must be dismissed because it fails to present a justiciable case or controversy. Debtor's Statement of Issues on Appeal identifies the following four issues as the basis for its appeal of the Bar Date Order:

> 1. Did the Bankruptcy Court err in holding that creditors with prepetition claims based on child abuse within the meaning of ORS 12.117, who have knowledge of the allegedly tortious conduct but have not discovered the injury or the causal connection between the injury and the tortious conduct, are not required to file their own proofs of claim by the bar date?
>
> 2. Did the Bankruptcy Court err in finding that creditors with prepetition claims based on child abuse within the meaning of ORS 12.117, who have knowledge of the allegedly tortious conduct but have not discovered the injury or the causal connection between the injury and the tortious conduct, are incapable of asserting a claim?
>
> 3. Did the Bankruptcy Court err in failing to determine that the Debtor's proposed notice procedures, as modified by the Bar Date Order, were sufficient under the circumstances to comply with due process in

> providing notice of the bar date and the requirement for filing a proof of claim to those creditors with prepetition claims based on child abuse within the meaning of ORS 12.117, who have knowledge of the allegedly tortious conduct but have not discovered the injury or the causal connection between the injury and the tortious conduct, without the need for appointment of a legal representative for such persons?
>
> 4. Did the Bankruptcy Court err in determining that a legal representative should be appointed to file claims on behalf of those creditors with prepetition claims based on child abuse within the meaning of ORS 12.117, who have knowledge of the allegedly tortious conduct but have not discovered the injury or the causal connection between the injury and the tortious conduct, rather than later determining, on a case-by-case by basis, whether cause exists pursuant to FRBP 3003(c)(3) to extend the bar date for such persons to file claims based on excusable neglect?

Debtor/Appellant's Statement of Issues on Appeal at 2-3.

Each of these issues relates to the definition of Future Claimants, to the appointment of the FCR, and to the FCR's scope of authority. None of these issues is addressed in the Bar Date Order. Rather, all of the issues Debtor raises on its appeal of the Bar Date Order were actually addressed in the FCR Appointment Order. This court has already dismissed Debtor's appeal of the FCR Appointment Order because it was not timely filed and, therefore, cannot grant relief of the FCR Appointment Order here. Because there are no issues on appeal that relate to the Bar Date Order, the court finds that there is no effective relief that can be granted. Debtor's appeal of the Bar Date Order is moot.

Debtor does not dispute that its issues on appeal of the Bar Date Order relate exclusively to issues addressed by the FCR Appointment Order. Rather, Debtor argues that its appeal is nonetheless proper because the two orders are part of a single "judicial unit" and, therefore, must be decided together. This court addressed this argument in its April 12 Order dismissing Debtor's appeal of the FCR Appointment Order. Just as the court declined

6 -- ORDER

to adopt Debtor's "judicial unit" theory in its April 12 Order, the court finds that it would be inappropriate to adopt it here.

Debtor also argues that this court should deny the motions to dismiss because the BAP already denied a similar motion, which is the law of the case. Debtor contends that the language of the BAP Order established that it fully considered the issues presented. However, the BAP Order does not provide any reasoning for granting Debtor's motion to transfer the Bar Date Order to the district court beyond "the related district court proceeding" and "the interests of justice and judicial economy." The BAP Order at 2. The court infers from this language that the BAP granted the transfer largely because the related appeal of the FCR Appointment Order was pending in this court at that time. Subsequent to the BAP Order, this court declined to adopt Debtor's single "judicial unit" theory and has dismissed Debtor's appeal of the FCR Appointment Order as untimely. In light of the changed procedural landscape, the court finds that it is not bound by the BAP's ruling and that dismissal of the appeal is compelled at this time.

Finally, Debtor argues that the TCC and FCR are engaging in vexatious litigation and should be sanctioned under 28 U.S.C. § 1927, which provides that: "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927. Imposition of sanctions under Section 1927 requires a finding of bad faith or recklessness. *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991). The court finds that there is no evidence of

bad faith on behalf of the TCC or the FCR. Therefore, Debtor's request for sanctions under 28 U.S.C. § 1927 is denied.

**CONCLUSION**

The Tort Claimants Committee's Motion to Dismiss Appeal From Order Entered on January 3, 2005 (Doc. #4) and the Future Claimants Representative's Motion of Future Claimants Representative to Dismiss Appeal (Doc. #7) are GRANTED. Debtor's Notice of Appeal of the Bar Date Order (Doc. #813) is dismissed because it does not present a justiciable case or controversy.

IT IS SO ORDERED.

Dated this __14___ day of June, 2005.

       /s/Ancer L.Haggerty
       ANCER L. HAGGERTY
       United States District Judge